1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DALE SUNDBY, Trustee,

Plaintiff,

v.

SAN DIEGO COUNTY SHERIFF, OFFICER B. PALMER, in her official sheriff capacity, OFFICER R. BERNARDINO, in his official sheriff capacity, OFFICER C. MCCOY, in his official sheriff capacity, and DOES 1 through X,

Defendants.

Case No.:  3:24-cv-1535-WQH-MSB

**ORDER**

HAYES, Judge:

    The matters before the Court are: (1) Plaintiff Dale Sundby's Motion for Leave to Electronically File Documents (ECF No. 3) and (2) the Court's Order to Show Cause regarding Plaintiff's purported pro se representation of a trust in this action.

**I.    BACKGROUND**

    On August 29, 2024, Plaintiff filed the Complaint (ECF No. 1, Compl.), asserting claims against Defendants for violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as various violations of the California Constitution and

1

1  California Civil Code § 52.1. In particular, the Complaint alleges claims arising from
2  Defendants' alleged execution of "a writ of possession at a property" that "was held in a
3  family trust" (the "Trust"). (Compl. at 3); *id.* ¶ 9. The Complaint identifies the plaintiff as
4  "Dale Sundby, Trustee" and alleges that "Plaintiff is trustee of the Trust." *Id.* ¶¶ 1, 10.
5  Plaintiff is proceeding pro se in this action.

6  **II.    MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**

7  On August 29, 2024, Plaintiff filed the pending Motion for Leave to Electronically
8  File Documents. Pursuant to the ECF Manual, pro se litigants are required to submit and
9  file all documents in paper form unless the court grants the litigant leave to electronically
10  file. *See* ECF Manual § 2(b). "A pro se party seeking leave to electronically file documents
11  must file a motion and demonstrate the means to do so properly by stating their equipment
12  and software capabilities in addition to agreeing to follow all rules and policies in the
13  CM/ECF Administrative Policies and Procedures Manual." *Id.*

14  In his motion, Plaintiff states his equipment and software capabilities and agrees that
15  he "[is] able to comply with the equipment and rule requirements governing electronic
16  filing." (ECF No. 3 at 1.) The Court finds Plaintiff has satisfied the requirements for
17  obtaining leave to electronically file documents.

18  Plaintiff's motion for leave to electronically file documents is granted. Plaintiff is
19  required to follow all rules and policies in the ECF Manual, available via the Court's
20  website. As stated in the ECF Manual, Plaintiff "must register as a user with the Clerk's
21  Office and as a subscriber to PACER within five (5) days" if he has not already done so.
22  ECF Manual § 2(b).

23  **III.   ORDER TO SHOW CAUSE**

24  To the extent the Complaint asserts claims on behalf of the Trust, Plaintiff cannot
25  proceed pro se in this action. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir.
26  2008) ("[A]bsent statutory authority stating otherwise, the general rule against permitting
27  *pro se* litigants from representing others is applicable[.]"); *C.E. Pope Equity Tr. v. United*
28  *States*, 818 F.2d 696, 698 (9th Cir. 1987) (explaining that a trustee "may not claim that his

status as trustee includes the right to present arguments *pro se* in federal court"). The Court takes judicial notice that, in a separate action where Plaintiff similarly purported to represent a trust, Plaintiff's case was dismissed after he failed to comply with the court's "repeated[]" orders to retain legal counsel on behalf of the trust. *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-0390-GPC-AHG, 2023 WL 4686445, at *1 (S.D. Cal. July 21, 2023); *see also Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) ("A trustee may not represent a trust *pro se* in federal court." (citing *C.E. Pope Equity Tr.*, 818 F.2d at 697)).

Accordingly, no later than thirty (30) days from the entry of this Order, Plaintiff shall:

    (1) retain an attorney and instruct the attorney to enter a notice of appearance in this action;

    (2) file an amended complaint that clearly alleges claims solely on Plaintiff's own behalf as an individual; or

    (3) otherwise show cause why this case should not be dismissed pursuant to the rule articulated in *Simon*, 546 F.3d at 667.

The Court will stay the proceedings pending Plaintiff's response to this Order.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Grant Leave to Electronically File Documents (ECF No. 3) is granted. Plaintiff shall respond to the Court's Order to Show Cause no later than thirty (30) days from the entry of this Order. If Plaintiff fails to adequately respond to the Order to Show Cause within thirty (30) days, the Court shall dismiss the Complaint without prejudice and close the case. This case is stayed pending Plaintiff's response to this Order.

Dated:  September 19, 2024

Hon. William Q. Hayes
United States District Court

3:24-cv-1535-WQH-MSB