UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>                            Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF, OFFICER B. PALMER, in her official sheriff capacity, OFFICER R. BERNARDINO, in his official sheriff capacity, OFFICER C. MCCOY, in his official sheriff capacity, and DOES 1 through X,<br><br>                          Defendants. | Case No.: 3:24-cv-1535-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Plaintiff Dale Sundby's Response to ECF No. 4 Order to Show Cause ("Response") (ECF No. 5).

**I.    BACKGROUND**

    On August 29, 2024, Plaintiff, proceeding pro se, filed the Complaint (ECF No. 1, Compl.), asserting claims against Defendants for violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as various violations of the California Constitution and California Civil Code § 52.1. In particular, the Complaint

1

alleges claims arising from Defendants' alleged execution of "a writ of possession at a property" located at 7740-7746 Eads Avenue, La Jolla, California 92307 (the "Property") that "was held in a family trust" (the "Trust"). (Compl. at 3, ¶ 9.) The Complaint identifies the plaintiff as "Dale Sundby, Trustee" and alleges that "Plaintiff is trustee of the Trust." *Id.* ¶¶ 1, 10. The docket reflects that Defendants have not yet been served.

On September 19, 2024, the Court issued an Order to Show Cause. (ECF No. 4.) Specifically, the Court stated: "To the extent the Complaint asserts claims on behalf of the Trust, Plaintiff cannot proceed pro se in this action." *Id.* at 2 (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987)). The Court accordingly instructed Plaintiff to:

(1) retain an attorney and instruct the attorney to enter a notice of appearance in this action;

(2) file an amended complaint that clearly alleges claims solely on Plaintiff's own behalf as an individual; or

(3) otherwise show cause why this case should not be dismissed pursuant to the rule articulated in *Simon*, 546 F.3d at 667.

*Id.* at 3. The Court stayed the case pending Plaintiff's response to the Order to Show Cause. *Id.*

On September 19, 2024, Plaintiff filed a Response to ECF No. 4 Order to Show Cause. (ECF No. 5.) Plaintiff asserts that he may proceed pro se in this action because he is "a sole trustee of a revocable living trust who is also the sole settl[o]r and beneficiary of the trust assets he is charged to protect." *Id.* at 3. To support his assertion that "[h]e is representing no other person's or entity's interest" in this action, Plaintiff explains the history of transfers of interest in the Property among himself as an individual ("Dale"), Edith Sundby ("Edith"), and the Trust. *Id.*

On December 20, 2018, Dale and Edith "transferred all of the community property interest they had" in the Property "to their family trust." *Id.* at 2. On December 15, 2021, the Trust "transferred all interest back to Dale and Edith." *Id.* On August 24, 2022, Dale

2

and Edith executed a fifth amendment to the agreement governing the Trust (the "Trust Agreement"). *Id.* In relevant part, the Trust Agreement provides: "As to any portion of the husband's or wife's undivided one-half interest in community property transferred to the trust, the transferring husband or wife will be the sole beneficiary[.]" *Id.* at 19 ¶ 2.1. Two days after Dale and Edith executed this amendment to the Trust Agreement, "Dale as a sole settlor transferred one-half of his undivided one-half interest back to the trust pursuant to the Agreement." *Id.* at 2.

Plaintiff asserts that "his Partial Interest is all that is in the trust." *Id.* at 3. Accordingly, Plaintiff requests that the Court "(1) find that Plaintiff has the right to self-represent his sole beneficial interest in the trust; and (2) immediately lift the stay so the case proceeds without delay." *Id.*

## II.    PLAINTIFF HAS SHOWN ADEQUATE CAUSE TO LIFT THE STAY

District courts within the Ninth Circuit have held that the sole beneficiary of a trust may represent the trust pro se. *See Fuller Fam. Tr. v. Nationstar Mortg. LLC*, No. 2:23-cv-00091-MMD-DJA, 2023 WL 3865005, at *2 (D. Nev. June 6, 2023) ("[A] nonlawyer trustee, proceeding pro se, may not bring claims on behalf of a trust, unless he is the sole beneficiary of the trust."); *Bagdasaryan v. City of Los Angeles*, No. CV 15-1008-JLS (KES), 2016 WL 3661520, at *5 (C.D. Cal. Mar. 9, 2016) ("A trust's 'beneficial owner' may appear pro se on the trust's behalf."); *Becker v. Wells Fargo Bank, N.A.*, No. CIV. S-10-2799 LKK/KJN, 2010 WL 5169009, at *6 (E.D. Cal. Dec. 14, 2010) ("The Court … finds that because [the plaintiff] is the sole beneficiary of the [ ] Trust, he may represent the trust pro se.").

The Court observes, however, that the Complaint appears to contradict Plaintiff's assertion in his Response that he possesses the "sole beneficial interest in the trust." (ECF No. 5 at 3.) Specifically, the Complaint alleges that "[f]rom 2001 to September 2, 2022, *multiple Trust beneficiaries* were occupants of the Property." (Compl. ¶ 11 (emphasis added).) It is therefore unclear from the record before the Court whether Plaintiff is the sole beneficiary of the Trust.

The Court concludes that, at this stage of the proceedings, Plaintiff has adequately shown cause that this action should not be dismissed and that the stay should be lifted. However, the Court makes no ruling as to the issue of Plaintiff's ability to represent the Trust pro se. The Court finds that this issue is better reserved for full briefing following the appearance of all parties. The Court accordingly defers resolution of this issue pending Defendants' appearance in this action.

### III. CONCLUSION

IT IS HEREBY ORDERED that the stay in this case is lifted.

Dated:  September 25, 2024

Hon. William Q. Hayes
United States District Court