UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>                           Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, DEPUTY B. PALMER, in her official sheriff capacity, DEPUTY R. BERNARDINO, in his official sheriff capacity, SERGEANT C. MCCOY, in his official sheriff capacity, and DOES 1 through X,<br><br>                           Defendants. | Case No.: 3:24-cv-1535-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are (1) the *Ex Parte* Motion for Legal Determination of Threshold Issue (ECF No. 9) filed by Plaintiff Dale Sundby as Trustee ("Plaintiff"); (2) the Motion to Strike Plaintiff's First Amended Complaint, and to Dismiss Plaintiff's First Amended Complaint (ECF No. 17) filed by Defendant San Diego County Sheriff's Department (the "Sheriff's Department"); (3) the Motion to Strike and to Dismiss Plaintiff's First Amended Complaint (ECF No. 20) filed by Defendant Sergeant Corey

1

McCoy ("McCoy"); (4) the *Ex Parte* Request for Oral Argument (ECF No. 24) filed by Plaintiff; (5) the Motion to Strike and Dismiss Plaintiff's First Amended Complaint (ECF No. 32) filed by Defendants Deputy Brittany Palmer ("Palmer") and Deputy Romeo Bernardino ("Bernardino"); (6) the Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue (ECF No. 34) filed by Plaintiff; and (7) the Renewed Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue (ECF No. 35) filed by Plaintiff.

## I.    BACKGROUND

On August 29, 2024, Plaintiff initiated this action by filing a Complaint asserting claims arising from Defendants'[1] alleged execution of "a writ of possession at a property" (the "Property") that "was held in a family trust" (the "Trust"). (ECF No. 1, Compl. at 3.) The Complaint identified Plaintiff as "Dale Sundby, Trustee" and alleged that Plaintiff, who is proceeding pro se in this action, "is trustee of the Trust." *Id.* ¶¶ 1, 10.

### A.    The Court's Order to Show Cause and Plaintiff's Motions Regarding Plaintiff's Pro Se Representation of a Trust

On September 19, 2024, the Court issued an Order to Show Cause (the "Order to Show Cause"). (ECF No. 4.) In the Order to Show Cause, the Court observed that Plaintiff, who is proceeding pro se, was purporting to assert claims on behalf of a trust. The Court stated: "To the extent the Complaint asserts claims on behalf of the Trust, Plaintiff cannot proceed pro se in this action." *Id.* at 2 (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987)). The Court accordingly instructed Plaintiff to:

> (1) retain an attorney and instruct the attorney to enter a notice of appearance in this action;
>
> (2) file an amended complaint that clearly alleges claims solely on Plaintiff's own behalf as an individual; or

---

[1] The Sheriff's Department, McCoy, Palmer, and Bernardino are collectively referred to as "Defendants" throughout this Order.

>   (3) otherwise show cause why this case should not be dismissed pursuant to the rule articulated in *Simon*, 546 F.3d at 667.

*Id.* at 3. The Court stayed the case pending Plaintiff's response to the Order to Show Cause. *Id.*

The same day, Plaintiff filed a Response to ECF No. 4 Order to Show Cause. (ECF No. 5.) Plaintiff asserted that he may proceed pro se in this action because he is "a sole trustee of a revocable living trust who is also the sole settl[o]r and beneficiary of the trust assets he is charged to protect." *Id.* at 3.

On September 25, 2024, the Court issued an Order finding that, "at this stage of the proceedings, Plaintiff ha[d] adequately shown cause that this action should not be dismissed and that the stay should be lifted." (ECF No. 6 at 4.) The Court noted, however, that it was "unclear from the record before the Court whether Plaintiff is the sole beneficiary of the Trust." *Id.* at 3. The Court observed that "the Complaint appears to contradict Plaintiff's assertion in his Response that he possesses the 'sole beneficial interest in the trust,'" as the Complaint alleges that "[f]rom 2001 to September 2, 2022, *multiple Trust beneficiaries* were occupants of the Property." *Id.* (quoting Compl. ¶ 11 (emphasis added)). The Court accordingly "[made] no ruling as to the issue of Plaintiff's ability to represent the Trust pro se." *Id.* at 4. The Court found that the issue of Plaintiff's pro se representation was "better reserved for full briefing following the appearance of all parties" and "accordingly defer[red] resolution of this issue pending Defendants' appearance in this action." *Id.*

On October 1, 2024, Plaintiff filed an *Ex Parte* Motion for Legal Determination of Threshold Issue (the "*Ex Parte* Motion") (ECF No. 9), wherein Plaintiff requests that "the Court make a final determination at the earliest date as to the threshold question of whether Plaintiff in his sole trustee capacity is lawfully representing his sole beneficial interest in the trust." *Id.* at 2. On October 4, 2024, the Sheriff's Department filed a Response in

opposition to Plaintiff's *Ex Parte* Motion. (ECF No. 11.) On the same day, Plaintiff filed a Reply in support of the *Ex Parte* Motion. (ECF No. 12.)

On October 11, 2024, the Court issued an Order noting that it would address Plaintiff's *Ex Parte* Motion "after a response to the First Amended Complaint is filed." (ECF No. 15 at 2 n.1.)

On January 3, 2025, Plaintiff filed a Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue. (ECF No. 34.)

On January 21, 2025, Plaintiff filed a Renewed Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue. (ECF No. 35.)

**B.     The Defendants' Motions to Strike and to Dismiss and Plaintiff's Objections**

On September 25, 2024, the Sheriff's Department filed a Motion to Strike Plaintiff's Complaint, and to Dismiss Plaintiff's Complaint ("Motion to Strike and Dismiss Plaintiff's Complaint"). (ECF No. 8.)

On October 6, 2024, Plaintiff filed the operative First Amended Complaint ("FAC") as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 13, "FAC.")

On October 11, 2024, the Court denied the Sheriff's Department's Motion to Strike and Dismiss Plaintiff's Complaint as moot in light of Plaintiff's filing of the FAC. (ECF No. 15.)

On October 21, 2024, the Sheriff's Department filed a Motion to Strike Plaintiff's First Amended Complaint, and to Dismiss Plaintiff's First Amended Complaint (the "Sheriff's Department's Motion"). (ECF No. 17.) On October 25, 2024, Plaintiff filed a Response in opposition to the Sheriff's Department's Motion. (ECF No. 18.) On November 18, 2024, the Sheriff's Department filed a Reply in support of its Motion. (ECF No. 23.)

On November 20, 2024, Plaintiff filed an *Ex Parte* Request for Oral Argument ("*Ex Parte* Request"), wherein he sought oral argument on the Sheriff's Department's Motion, or in the alternative, for the Court to consider the arguments in his *Ex Parte* Request. (ECF

1  No. 24.) On November 22, 2024, the Sheriff's Department and McCoy filed a Notice of
2  Intent to file a Response to Plaintiff's *Ex Parte* Motion. (ECF No. 25.) On the same day,
3  Plaintiff filed an Objection to Defendants' ECF No. 25 Notice. (ECF No. 26.) On
4  November 25, 2024, the Sheriff's Department and McCoy filed a Response to Plaintiff's
5  *Ex Parte* Motion, Including Objection to Plaintiff's Sur-Reply. (ECF No. 27.) On the same
6  day, Plaintiff filed an Objection to Defendants' ECF No. 27 Filing. (ECF No. 28.)

7  On November 4, 2024, Defendant McCoy filed a Motion to Strike and to Dismiss
8  Plaintiff's First Amended Complaint and Notice of Joinder in [the Sheriff's Department's
9  Motion] ("McCoy's Motion"). (ECF No. 20.) On November 8, 2024, Plaintiff filed a
10 Response in opposition to McCoy's Motion. (ECF No. 21.) On December 2, 2024, McCoy
11 filed a Reply in support of his Motion. (ECF No. 30.) On the same day, Plaintiff filed an
12 Objection to McCoy's Reply. (ECF No. 31.)

13 On December 6, 2024, Defendants Palmer and Bernardino filed a Motion to Strike
14 and to Dismiss Plaintiff's First Amended Complaint and Notice of Joinder in [the Sheriff's
15 Department's Motion and McCoy's Motion] ("Palmer and Bernardino's Motion"). (ECF
16 No. 32.) On December 10, 2024, Plaintiff filed a Response in opposition to Palmer and
17 Bernardino's Motion. (ECF No. 33.)

## II.  MOTIONS TO STRIKE OR DISMISS THE FAC FOR PLAINTIFF'S PRO SE REPRESENTATION

### A.  Contentions

Defendants[2] contend that the Court must either strike the FAC under Federal Rule of Civil Procedure 12(f) or "the Court's inherent authority to control the proceedings before it" or dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff, as a non-attorney trustee, may not represent the Trust pro se. (ECF No. 17-1 at 19.) Defendants contend that multiple federal and state court opinions have instructed Plaintiff

---

[2] Specifically, the Sheriff's Department makes these contentions in its Motion, and McCoy, Palmer, and Bernardino join the Sheriff's Department's arguments in their respective Motions. (*See* ECF No. 20-1 at 9; ECF No. 32-1 at 6.)

1  that he may not represent the Trust pro se. *See id.* Defendants contend that the Trust "has
2  at least two beneficiaries, settlors, and trustees: Dale and Edith Sundby." (ECF No. 23 at
3  6.) Defendants contend that, following the Ninth Circuit's remand of a prior action
4  concerning the same Plaintiff purporting to represent the same Trust pro se, Plaintiff made
5  arguments "similar" to his arguments in this case "that subsequent changes made to the
6  Sundby Trust agreement somehow permit him to appear pro se on behalf of the Sundby
7  Trust as trustee." *Id.* at 7 (citing *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-0390-
8  GPC-AHG, No. 21-cv-2013-GPC-AHG, 2023 WL 2565168, at *3 (S.D. Cal. Mar. 17,
9  2023)). Defendants contend that, in that case, the district court held that the Trust first
10 needed to appear through counsel in order to argue that a co-trustee could represent the
11 Trust pro se. *See id.* Defendants urge this Court to "take the same approach." *Id.* at 8.

  Plaintiff contends that the Fifth Amendment to and Restatement of Declaration of
Trust (the "Fifth Amendment to the Trust") executed on August 24, 2022, "make clear that
Plaintiff is not 'appear[ing] as an attorney for others than himself.'" (ECF No. 18 at 14.)
Plaintiff contends that no court has yet considered the propriety of Plaintiff's pro se
representation of the Trust in light of the Fifth Amendment to the Trust, which provides
that a husband or wife's transfer to the Trust of "any portion of the husband's or wife's
undivided one-half interest in community property" results in the "husband trustee or wife
trustee" being the "sole trustee" and "sole beneficiary" of "his or her undivided one-half
interest." *Id.* at 14–15; *see also* FAC at 41 ¶ 1.1; *id.* at 42 ¶ 2.1. Plaintiff contends that,
although the Ninth Circuit instructed the district court in *Sundby v. Marquee Funding
Group* to "develop facts to determine in the first instance whether Sundby is the beneficial
owner of the trust or whether the trust transferred any interests to Sundby," the district
court "refused to follow that mandate." (ECF No. 18 at 15.)

  Relatedly, in his *Ex Parte* Motion, Plaintiff seeks "a final determination" "as to the
threshold question of whether Plaintiff in his sole trustee capacity is lawfully representing
his sole beneficial interest in the trust." (ECF No. 9 at 2.) Plaintiff similarly contends in his

*Ex Parte* Motion that the Sheriff's Department relies on other courts' "rulings as to prior versions of the trust agreement," rather than the current Fifth Amendment to the Trust. *Id.*

### B.  Legal Standards

In federal court, a non-attorney generally may represent himself on his own behalf. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel …."). However, although a non-attorney may appear pro se, "that privilege is personal to him." *C.E. Pope Equity Tr.*, 818 F.2d at 697. Thus, a pro se litigant generally may not "pursu[e] claims on behalf of others in a representative capacity." *Simon*, 546 F.3d at 664. This Court's Local Rules reflect this general principle by providing that "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney." S.D. Cal. Civ. L.R. 83.3(j). The Local Rules state that "[a]ll other parties, including corporations, partnerships *and other legal entities*, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.* (emphasis added).

The Ninth Circuit has explicitly held that a non-attorney trustee may not represent a trust pro se in federal court. *See C.E. Pope Equity Tr.*, 818 F.2d at 698 (explaining that a trustee "may not claim that his status as trustee includes the right to present arguments *pro se* in federal court"). The Ninth Circuit explained in *C.E. Pope Equity Trust* that "[b]ecause [the trustee] is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a 'party' conducting his '*own* case personally' within the meaning of Section 1654." *Id.* at 697–98. Courts have interpreted this language in *C.E. Pope Equity Trust* as permitting a trustee to represent a trust pro se in federal court only where the trustee demonstrates that he is the "beneficial owner" of the trust's claims. *See Simon*, 546 F.3d at 664 (explaining that the trustee in *C.E. Pope Equity Trust* was not permitted to represent the trust pro se because he "was not, pursuant to 28 U.S.C. § 1654, a 'party' conducting his 'own case personally' as he was not the beneficial owner of the claims being asserted" (citing *C.E. Pope Equity Tr.*, 818 F.2d at 697–98)); *United States v. Molen*, No. 2:10-cv-02591 MCE KJN PS, 2011 WL 292150,

at *6 (E.D. Cal. Jan. 31, 2011) (relying on *C.E. Pope Equity Trust* to state that "there is an exception to the general rule: an individual who is the trust's 'beneficial owner' may appear pro se on the trust's behalf" (citing *C.E. Pope Equity Tr.*, 818 F.2d at 697–98)).

A court may strike or dismiss a complaint where a pro se individual improperly seeks to represent a trust pro se. *See C.E. Pope Equity Tr.*, 818 F.2d at 698 (where two cases had been consolidated for appeal, the Ninth Circuit affirmed one district court's dismissal of a complaint and another court's grant of a motion to strike a complaint where each complaint was filed by a pro se individual on behalf of a trust); *see also Aldridge v. United States*, No. CIV S-10-3211-MCE-CMK, 2011 WL 2516622, at *1 (E.D. Cal. June 23, 2011) (concluding that a complaint should be stricken based upon the plaintiff-trustee's pro se representation of a trust), *adopted by* No. 2:10-cv-03211-MCE-CMK, 2011 WL 13242884 (E.D. Cal. Aug. 30, 2011); *Hall v. Wash. Mut. Bank*, No. CV 10-01606 DMG (VBKx), 2010 WL 11549664, at *3 (C.D. Cal. July 7, 2010) (granting a defendant's motion to dismiss a complaint based upon the plaintiff-trustee's pro se representation of a trust).

### C. Discussion

As the Court has previously noted and as Defendants point out, other courts have instructed Plaintiff that he must obtain counsel before litigating the issue of whether he may represent the Trust pro se. The Court takes judicial notice[3] of the proceedings in *Sundby v. Marquee Funding Group* and finds the Ninth Circuit's opinion in that case instructive. In that action, the same Plaintiff—Dale Sundby, Trustee—similarly purported to represent a trust[4] pro se. *See Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, No.

---

[3] The Court "may take judicial notice of court filings and other matters of public record" because such documents "are readily verifiable and, therefore, the proper subject of judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1). Additionally, the Court may consider "matters of judicial notice" "without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[4] The trust that Plaintiff sought to represent in *Marquee Funding Group* appears to be the same Trust he seeks to represent in the present action. *Compare Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504,

21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022). On appeal from the district court's grant of summary judgment, the Ninth Circuit considered whether Plaintiff, as a trustee, could properly represent the trust pro se. *See id.* Applying the general principle that "[a] trustee may not represent a trust *pro se* in federal court," the Ninth Circuit concluded that "[a]s Sundby, in his capacity as trustee, purports to represent a trust *pro se*, such representation is not permitted." *Id.* (citing *C.E. Pope Equity Tr.*, 818 F.2d at 697). Although the issue of Plaintiff's pro se representation was raised for the first time on appeal, the Ninth Circuit emphasized that "the rule that artificial entities must have licensed counsel protects the integrity and functioning of the federal courts" while simultaneously "safeguard[ing] the interests of unrepresented trust beneficiaries." *Id.* (citing *C.E. Pope Equity Tr.*, 818 F.2d at 698; *Simon*, 546 F.3d at 667). The Ninth Circuit accordingly vacated the district court's grant of summary judgment and remanded the case to the district court with the following instructions:

> [W]e vacate and remand to the district court to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby.

*Id.*

Upon remand, the district court issued an order mandating that the Trust obtain legal counsel before the action could proceed. *See Marquee Funding Grp.*, 2023 WL 2565168, at *5. The district court emphasized the Ninth Circuit's instruction that the Trust receive "'an opportunity to obtain legal representation *and* to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby.'" *Id.* at *4 (quoting *Marquee Funding Grp.*, 2022 WL 4826445,

---

No. 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) (stating that Dale Sundby brought claims "as trustee of the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dated January 26, 1989"), *with* (FAC at 38 (containing the title page to the Fifth Amendment to the Trust for "Trust No. 1989-1," dated "January 26, 1989" and listing "Dale H. Sundby and Edith Littlefield Sundby" as "Settlors and Trustees")).

at *1). Although Plaintiff "point[ed] to the language from the Trust's August 24, 2022 amendment … to argue that he has a right to self-representation 'as to his sole interest in the trust,'" the district court held that the Ninth Circuit's opinion required Plaintiff to first obtain legal representation before making such an argument. *Id.* at *3–4. The district court explained that it was "not at liberty to first consider new evidence to determine whether Sundby may proceed pro se on behalf of the Trust" and instructed that "if Sundby wishes to proceed he must obtain legal representation on behalf of the Trust." *Id.* at *4.

Subsequently, the district court reiterated that before it could "entertain arguments that Sundby is now the Trust's beneficial owner, counsel must be obtained on behalf of the Trust." *Sundby v. Marquee Funding Grp.*, No. 19-cv-0390-GPC-AHG, No. 21-cv-2013-GPC-AHG, 2023 WL 4281729, at *3 (S.D. Cal. June 29, 2023). Despite the district court's "repeated[]" orders "that before matters could proceed, legal counsel must be retained on behalf of the Trust," Plaintiff failed to obtain legal counsel to represent the trust. *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-0390-GPC-AHG, No. 21-cv-2013-GPC-AHG, 2023 WL 4686445, at *1 (S.D. Cal. July 21, 2023), *appeal filed*, No. 23-55659 (9th Cir. July 26, 2023). As a result, the district court dismissed the action based upon the trust's lack of legal representation, as well as Plaintiff's failure to comply with the court's orders under Federal Rule of Civil Procedure 41(b). *See id.*

The Central District of California also recently relied upon the Ninth Circuit's opinion and the district court's subsequent dismissal order in *Marquee Funding Group* to dismiss without prejudice other claims that Plaintiff, proceeding pro se in his capacity as a trustee, attempted to allege on behalf of a trust.[5] *See Sundby v. Landau*, No. 2:24-cv-07276-MCS-BFM, 2025 WL 1090165, at *4 (C.D. Cal. Mar. 14, 2025). The Central District of

---

[5] The trust that Plaintiff sought to represent in *Sundby v. Landau* appears to be the same Trust he seeks to represent in the present action. *Compare Sundby v. Landau*, No. 2:24-cv-07276-MCS-BFM, 2025 WL 1090165, at *2 (C.D. Cal. Mar. 14, 2025) (referencing allegations in the first amended complaint regarding "Dale and Edith Sundby" and "their trust, Declaration of Trust, Trust No. 1989-1"), *with* (FAC at 38 (containing the title page to the Fifth Amendment to the Trust for "Trust No. 1989-1," dated "January 26, 1989" and listing "Dale H. Sundby and Edith Littlefield Sundby" as "Settlors and Trustees")).

California noted that it had previously "ordered the trust to secure legal representation for the limited purpose of submitting supplemental briefing on the issue of trust representation," but Plaintiff had stated in response that "the trust [would] not retain counsel." *Id.* The Central District of California then concluded that, "[a]bsent argument from counsel representing the trust, the Court cannot confirm the trust may be represented in federal court by a nonattorney trustee, especially given the rulings in *Sundby v. Marquee Funding Group*." *Id.* (citing *Marquee Funding Grp.*, 2023 WL 4686445, at *1). The Central District of California accordingly "dismissed without prejudice" "the claims brought by Dale Sundby as Trustee." *Id.*

Here, the Court likewise finds that, in light of the Ninth Circuit's opinion in *Marquee Funding Group*, the Court cannot consider any claims asserted on behalf of the Trust unless and until the Trust obtains legal representation. The Ninth Circuit explicitly remanded *Marquee Funding Group* "to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." 2022 WL 4826445, at *1. Like the district courts in *Marquee Funding Group* and *Landau*, this Court interprets the Ninth Circuit's opinion as requiring the Trust to obtain legal representation before the Court may consider any arguments on behalf of the Trust, including arguments regarding Plaintiff's ability to represent the Trust pro se. *See Marquee Funding Grp.*, 2023 WL 2565168, at *4; *Landau*, 2025 WL 1090165, at *4.

Plaintiff's contentions that the Court may consider this issue absent argument from legal counsel are unpersuasive. To support his argument that a trustee may represent a trust pro se, Plaintiff relies in part upon California state court case law, specifically *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 1524–25 (Ct. App. 2014). (*See* ECF No. 9 at 3.) However, the Ninth Circuit has previously explained that state court practice "would not control practice in the federal courts." *C.E. Pope Equity Tr.*, 818 F.2d at 698 (noting that an Oregon statute and an Oregon Supreme Court case were not directly applicable before concluding that, "[i]n any event, Oregon practice would not control practice in the federal

courts"). At this stage of the proceedings, in light of the Ninth Circuit's explicit instruction in *Marquee Funding Group* regarding this particular Plaintiff—Dale Sundby, Trustee—and what appears to be the same Trust, the Court finds Plaintiff must obtain legal representation in order to represent the Trust. In reaching this conclusion, the Court is guided by the Ninth Circuit's observation that "the rule that artificial entities must have licensed counsel protects the integrity and functioning of the federal courts" and also "safeguards the interests of unrepresented trust beneficiaries." *Marquee Funding Grp.*, 2022 WL 4826445, at *1 (citing *C.E. Pope Equity Tr.*, 818 F.2d at 698; *Simon*, 546 F.3d at 667).

Furthermore, although Plaintiff contends that he may represent the Trust pro se due to certain language in the Fifth Amendment to the Trust, the Court concludes that, at this juncture, it cannot determine the propriety of Plaintiff's pro se representation of the Trust absent arguments from legal counsel. Indeed, in *Marquee Funding Group*, the district court rejected Plaintiff's similar attempts to rely on the Fifth Amendment to the Trust. *See* 2023 WL 2565168, at *3–4 (declining to consider "language from the Trust's August 24, 2022 amendment" because the court was "not at liberty to first consider new evidence to determine whether Sundby may proceed pro se on behalf of the Trust").[6] Accordingly,

---

[6] Moreover, although Plaintiff attempts to demonstrate that he is the "beneficial owner" of the Trust by describing a series of transfers of interests in the Property (*see, e.g.*, ECF No. 5 at 2), the Court has cause for concern regarding the validity of these transfers. As the Central District of California explained in *Landau*—a separate action where Plaintiff as trustee of the Trust, as well as Dale Sundby and Edith Sundby individually, asserted claims against various defendants arising from the foreclosure on the Property—"[g]enerally, once a grantor no longer owns a property, 'subsequent attempts to transfer property … are ineffective.'" *Landau*, 2025 WL 1090165, at *3 (quoting *Shetty v. JPMorgan Chase Bank*, No. CV 16-8986-MWF (JPRx), 2017 WL 4685547, at *4 (C.D. Cal. June 23, 2017)). The Central District of California determined that, based on the allegations in the complaint in that case, "the trust held all the interest in the property at foreclosure," which occurred on August 25, 2021, "the foreclosure was recorded," and "another court authorized the Sundbys' eviction." *Id.* at *3–4. Thus, the Central District of California concluded that the Trust held the Property at the time of foreclosure, and the Sundbys' subsequent attempts to transfer an interest in the Property were null, as the Trust no longer possessed an interest in the Property following the foreclosure. *See id.* At this stage of the proceedings, the Court makes no ruling in this case as to the validity of the purported post-foreclosure transfers of interests in the Property. However, the Court takes judicial notice of the Central District of California's findings in

even if this result was not mandated by the Ninth Circuit's order in *Marquee Funding Group*, the Court would nonetheless exercise its discretion to require the Trust to be represented by legal counsel prior to considering the propriety of Plaintiff's pro se representation of the Trust.

The Court accordingly dismisses the FAC without prejudice based upon Plaintiff's pro se representation of the Trust. Although Defendants request that the Court "either strike or dismiss Plaintiff's FAC, and each cause of action therein, with prejudice" (ECF No. 17-1 at 30), the Court finds that, at this stage of the proceedings, dismissal with prejudice is inappropriate, as the Trust has not yet had "legal representation to properly prosecute this case." *Marquee Funding Grp.*, 2023 WL 4686445, at *1 & n.1 (dismissing the action "with prejudice as to Dale Sundby, Trustee," but declining to dismiss the action with prejudice "as to the Trust in its entirety"); *see also C.E. Pope Equity Tr.*, 818 F.2d at 697 (affirming the district court's dismissal of the pro se trustee's complaint "*without prejudice*" (emphasis added)). The Court dismisses the FAC without prejudice "to afford the [T]rust an opportunity to obtain legal representation." *Marquee Funding Grp.*, 2022 WL 4826445, at *1. Accordingly, in order for the Trust to proceed in this action, within

---

*Landau* merely to bolster this Court's conclusion that requiring the Trust to appear through legal counsel will enable the Court to ensure that the status of the Trust, including its "beneficial ownership," is properly presented to this Court.

For similar reasons, the Court's current Order does not consider the Notice of Transfer (ECF No. 29) filed by Plaintiff on November 27, 2024. In the Notice of Transfer, Plaintiff states that on November 21, 2024—while this action was pending—Plaintiff, in his capacity as trustee, purportedly executed a quitclaim deed that "transferred back to Dale Sundby by quitclaim deed one-half of the fractional interest ('Fractional Share') that Dale Sundby transferred to the Trustee by quitclaim deed on August 26, 2022." *Id.* at 1. Plaintiff thus states that "both Trustee Dale Sundby and Dale Sundby individually are real parties in interest as to the Fractional Share" in the Property, but "it is unnecessary to join Dale Sundby because the Court can 'accord complete relief among existing parties.'" *Id.* at 2 (quoting Fed. R. Civ. P. 19(a)(1)(A)). For one matter, absent the appearance of legal counsel on behalf of the Trust, it is not clear that Plaintiff has authority to make any pro se filings in this action on behalf of the Trust, including such a notice of transfer. For another matter, the operative complaint seeks to assert claims only on behalf of the Trust and solely in Plaintiff's capacity as a trustee. As no party has filed a motion in this action to join Dale Sundby in his individual capacity, the Court does not consider that issue in this Order. The Court's dismissal of the FAC, at this stage of the proceedings, is based solely upon Plaintiff's pro se representation of the Trust.

thirty (30) days of the entry of this Order, legal counsel must enter a notice of appearance on behalf of the Trust that indicates whether legal counsel intends to (1) continue to represent the Trust for the duration of this action or (2) submit supplemental briefing on the narrow threshold issue of whether Plaintiff is the "beneficial owner" of the Trust and otherwise may properly represent the Trust pro se in federal court.

## III.   REMAINING ISSUES AND MOTIONS

Because the Court dismisses the FAC based upon Plaintiff's pro se representation of the Trust, the Court does not reach the remaining issues in the motions currently pending before it. Because the *Ex Parte* Motion (ECF No. 9), the Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue (ECF No. 34), and the Renewed Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue (ECF No. 35) all request that the Court determine that Plaintiff may properly represent the Trust pro se, these motions are denied without prejudice to refiling upon Plaintiff's retaining legal counsel to present such arguments on behalf of the Trust.

To avoid prejudicing the Trust, the Court does not reach the remaining arguments in the Sheriff's Department's Motion (ECF No. 17), McCoy's Motion (ECF No. 20), and Palmer and Bernardino's Motion (ECF No. 32), including, *inter alia*, Defendants' contentions that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, that the FAC fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), and that, to the extent Plaintiff asserts claims against McCoy, Palmer, and Bernardino in their official capacities, such claims should be dismissed as duplicative of Plaintiff's claims against the Sheriff's Department.[7] Because Plaintiff's Objections (ECF Nos. 26, 28 & 31) and *Ex Parte* Request

---

[7] The Court also denies as moot the Sheriff's Department's Request for Judicial Notice (ECF No. 17-2) because the Court need not consider these requests in order to dismiss the FAC based upon Plaintiff's pro se representation of the Trust. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

(ECF No. 24) are related to these unaddressed arguments, the Court does not reach Plaintiff's Objections and denies his *Ex Parte* Request as moot.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Sheriff's Department's Motion (ECF No. 17), McCoy's Motion (ECF No. 20), and Palmer and Bernardino's Motion (ECF No. 32) are granted to the extent Defendants request the Court dismiss the FAC due to Plaintiff's pro se representation of the Trust. The FAC is accordingly dismissed without prejudice. Within thirty (30) days of the entry of this Order, legal counsel must enter a notice of appearance on behalf of the Trust that indicates whether legal counsel intends to (1) continue to represent the Trust for the duration of this action or (2) submit supplemental briefing on the narrow threshold issue of whether Plaintiff is the "beneficial owner" of the Trust and otherwise may properly represent the Trust pro se in federal court. If counsel for the Trust does not file a notice of appearance within thirty (30) days of the entry of this Order, the Court will dismiss this action without prejudice for failure to prosecute and failure to comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b).

IT IS FURTHER ORDERED that the *Ex Parte* Motion (ECF No. 9), the Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue (ECF No. 34), and the Renewed Request for Court to Enter Order as to ECF No. 9 Motion for Legal Determination of Threshold Issue (ECF No. 35) are denied without prejudice to refiling upon Plaintiff's retaining legal counsel to present such arguments on behalf of the Trust.

---

The Court also denies Plaintiff's request in his Response in opposition to the Sheriff's Department's Motion that the Court, pursuant to Federal Rule of Civil Procedure 11(c)(3), "enter an order for Defendants and its counsel to show cause why they have not violated Fed. R. Civ. P. 11(b)." (ECF No. 18 at 7.) For one matter, in addition to complying with Rule 11(c)(2)'s other procedural requirements, "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2); *see Duley v. Centerra Grp., LLC*, No. 2:19-cv-08754-AB (JCx), 2020 WL 6526369, at *7 (C.D. Cal. Mar. 18, 2020) (denying a plaintiff's request for sanctions under Rule 11(c)(3) where the plaintiff "[had] not complied with Rule 11(c)(2)'s procedural requirements" and instead "[made] his request in opposition to Defendant's motion, rather than through a separately filed motion").

IT IS FURTHER ORDERED that the *Ex Parte* Request (ECF No. 24) is denied as moot.

Dated: June 2, 2025

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court