UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, DEPUTY B. PALMER, in her official sheriff capacity, DEPUTY R. BERNARDINO, in his official sheriff capacity, SERGEANT C. MCCOY, in his official sheriff capacity, and DOES 1 through X,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:24-cv-1535-WQH-BJW<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Mandatory Joinder (ECF No. 40) and the Motion for Reconsideration (ECF No. 41) filed by Plaintiff Dale Sundby ("Plaintiff").

## I.　BACKGROUND

On August 29, 2024, Plaintiff initiated this action by filing a Complaint against Defendants San Diego County Sheriff's Department ("San Diego County Sheriff"), Officer

1

B. Palmer, Officer R. Bernardino, Officer C. McCoy, and Does 1–10 (collectively, "Defendants") asserting claims related to the execution of "a writ of possession at a property" located at 7740–7746 Eads Avenue, La Jolla, California 92037 (the "Property") that "was held in a family trust" (the "Trust"). (Compl., ECF No. 1 at 3; *id.* ¶ 9.) The Complaint identifies Plaintiff as "Dale Sundby, Trustee" and states that Plaintiff, who is proceeding pro se in this action, "is trustee of the Trust." *Id.* ¶¶ 1, 10.

Plaintiff alleges, in relevant part, the following. On December 20, 2018, all interest in the Property was transferred from Dale Sundby and Edith Sundby ("the Sundbys") to the Trust. (ECF No. 13 ¶ 9.) On September 11, 2020, a "deed of trust was recorded on the Property by a defined 'Lender' that never made a loan." *Id.* ¶ 17. On August 26, 2021, this third party "nonjudicially foreclosed on the no-loan deed of trust." *Id.* ¶ 19. On December 15, 2021, all "interest in the Property was transferred by quitclaim deed" from the Trust to the Sundbys. *Id.* ¶ 10. On September 8, 2022, Defendant San Diego County Sheriff's Department filed a writ of possession in San Diego Superior Court and, in the same month, Defendant Officers B. Palmer and R. Bernardino evicted "everyone from the Property." *Id.* ¶¶ 22, 46.

On September 19, 2024, the Court issued an Order to Show Cause in this action. (ECF No. 4.) In the Order to Show Cause, the Court noted that Plaintiff purported to assert claims on behalf of a trust while proceeding without the aid of counsel. The Court wrote: "To the extent the Complaint asserts claims on behalf of the Trust, Plaintiff cannot proceed pro se in this action." *Id.* at 2–3 (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987)).

The Court stayed this action and instructed Plaintiff to:

(1) retain an attorney and instruct the attorney to enter a notice of appearance in this action;

(2) file an amended complaint that clearly alleges claims solely on Plaintiff's own behalf as an individual; or

(3) otherwise show cause why this case should not be dismissed pursuant to the rule articulated in *Simon*, 546 F.3d at 667.

*Id.* at 3.

On the same day, Plaintiff filed a Response to the Order to Show Cause. (ECF No. 5.) Plaintiff contended that he should be permitted to proceed pro se in this action because he is "a sole trustee of a revocable living trust who is also the sole settl[o]r and beneficiary of the trust assets he is charged to protect." *Id.* at 3.

On September 25, 2024, the Court issued an Order Lifting the Stay and wrote: "The Court concludes, at this stage of the proceedings, Plaintiff has adequately shown cause that this action should not be dismissed and that the stay should be lifted." (ECF No. 6 at 4.) The Court noted, however, that it was "unclear from the record before the Court whether Plaintiff is the sole beneficiary of the Trust." *Id.* at 3. The Court observed that "the Complaint appears to contradict Plaintiff's assertion [] that he possesses the 'sole beneficial interest in the trust'" because the Complaint alleges that "[f]rom 2001 to September 2, 2022, multiple Trust beneficiaries were occupants of the Property." *Id.* (quoting Compl. ¶ 11). The Court accordingly issued "no ruling as to the issue of Plaintiff's ability to represent the Trust pro se." *Id.* at 4. The Court found that the issue of Plaintiff's pro se representation was "better reserved for full briefing following the appearance of all parties" and "accordingly defer[red] resolution of this issue pending Defendants' appearance in this action." *Id.*

On September 25, 2024, Defendant San Diego County Sheriff filed a Motion to Strike Plaintiff's Complaint, and to Dismiss Plaintiff's Complaint ("Motion to Dismiss Complaint"). (ECF No. 8.)

On October 1, 2024, Plaintiff filed an Ex Parte Motion for Legal Determination of Threshold Issue ("Ex Parte Motion") requesting that that "the Court make a final determination at the earliest date as to the threshold question of whether Plaintiff in his sole trustee capacity is lawfully representing his sole beneficial interest in the trust." (ECF No. 9 at 2.)

3:24-cv-1535-WQH-BJW

On October 6, 2024, Plaintiff filed the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 13.)

On October 11, 2024, the Court denied as moot the Motion to Dismiss Complaint and wrote that it would address Plaintiff's Ex Parte Motion "after a response to the First Amended Complaint is filed." (ECF No. 15.)

On October 21, 2024, Defendant San Diego County Sheriff filed a Motion to Dismiss FAC. (ECF No. 17.) On October 25, 2024, Plaintiff filed a Response. (ECF No. 18.) On November 18, 2024, Defendant San Diego County Sheriff filed a Reply. (ECF No. 23.)

On November 4, 2024, Defendant Officer C. McCoy filed a Motion to Dismiss FAC. (ECF No. 20.) On November 8, 2024, Plaintiff filed a Response. (ECF No. 21.) On December 2, 2024, Defendant Officer C. McCoy filed a Reply. (ECF No. 30.) On the same day, Plaintiff filed an Objection to the Reply. (ECF No. 31.)

On December 6, 2024, Defendants Officer B. Palmer and Officer R. Bernardino filed a Motion to Dismiss FAC. (ECF No. 32.) On December 10, 2024, Plaintiff filed a Response. (ECF No. 33.)

During the period from January 21, 2025, through May 22, 2025, Plaintiff repeatedly filed motions requesting that the Court enter an Order with respect to the contentions raised in his Ex Parte Motion (ECF No. 9) regarding whether he may proceed pro se in his representation of the Trust. (ECF Nos. 34, 35, 36, 37, 38.)

On June 2, 2025, the Court issued an Order (the "Dismissal Order") granting the Motions to Dismiss FAC due to Plaintiff's impermissible pro se representation of the Trust. (ECF No. 39 at 13.) In the Order, the Court wrote that it "cannot consider any claims asserted on behalf of the Trust unless and until the Trust obtains legal representation." *Id.* at 11. The Court dismissed the FAC without prejudice and ordered that counsel enter an appearance on behalf of the Trust within thirty days. *Id.* at 15. The Court cautioned that, if no such appearance was entered, the Court would "dismiss this action without prejudice for failure to prosecute and failure to comply with" its Dismissal Order. *Id.*

On June 11, 2025, Plaintiff filed the pending Motion for Mandatory Joinder. (ECF No. 40.) On July 7, 2025, Defendants filed a Response. (ECF No. 43.) On July 13, 2025, Plaintiff filed a Reply. (ECF No. 45.)

On June 11, 2025, Plaintiff filed the pending Motion for Reconsideration. (ECF No. 41.) On July 7, 2025, Defendants filed a Response. (ECF No. 42.) On July 13, 2025, Plaintiff filed a Reply. (ECF No. 44.)

On November 12, 2025, Plaintiff filed a Notice of Assignment of Claims and Ratification, which states: "Additionally – and solely to address any claim a court might require to be asserted in the name of the Sole Trustee [] – Dale Sundby, as Sole Trustee (the 'Sole Assignor') makes the alternative assignment below in favor of Dale Sundby, individually (the 'Sole Assignee'). . . . The Assignors hereby assign, transfer, and convey to the Assignees all claims, causes of action, choses in action, and rights to relief the Trust has or may have against any person or entity . . ." (ECF No. 47.)

On February 25, 2026, Plaintiff filed a Notice requesting that the Court issue an Order on his pending motions or, in the alternative, hold a status conference. (ECF No. 48.)

On February 25, 2026, Plaintiff also filed a Notice of Supplement Facts requesting that the Court consider his Notice of Assignment of Claims and Ratification (ECF No. 47) in its review of his pending motions. (ECF No. 49.)

## II. CONTENTIONS

### a. Mandatory Joinder

In his Motion for Mandatory Joinder, Plaintiff requests that the Court "enter an order joining Dale Sundby as a plaintiff under Rule 19(a)(1)(B)." (ECF No. 40 at 7.) Plaintiff contends that "Dale Sundby is a real party in interest resulting from the fractional share transfer to him on November 21, 2024, from Plaintiff Trustee." *Id.* at 2 (citing ECF No. 29). The "fractional share transfer" described by Plaintiff is reflected in his previously filed Notice of Transfer, which states that, "pursuant to a quitclaim deed executed on November 21, 2024, Plaintiff Dale Sundby, as Trustee . . . has transferred back to Dale Sundby [] one-half of the fractional interest [] that Dale Sundby transferred to the Trustee by quitclaim

3:24-cv-1535-WQH-BJW

deed on August 26, 2022." (ECF No. 29 at 1.) Plaintiff contends that this transfer makes him a "real party in interest" in this action and seeks joinder "to protect his interests in the subject matter." (ECF No. 40 at 2.)

Defendants respond that Plaintiff's submission "does not constitute a reasonable memorandum of the points and relevant legal authorities in support of the motion. Instead, it focuses mainly on Plaintiff's arguments against the outcome this Court reached when rulings on defendants' motions to dismiss Plaintiff's FAC without prejudice." (ECF No. 43 at 2 (citation omitted).) Defendants also contend that "Plaintiff as an impermissible pro se trustee plaintiff cannot move to join additional parties or make arguments concerning the legal effect of the Trust and any purported transfers of Trust interests, unless and until counsel appears in this action on behalf of the Trust." *Id.* at 3 (citation omitted).

### b. Reconsideration

Plaintiff brings his Motion for Reconsideration "pursuant to Federal Rule of Civil Procedure 54(b)." (ECF No. 41 at 1.) In the Motion for Reconsideration, Plaintiff contends that the Court dismissed this action "based on a procedurally invalid requirement of legal counsel," and that the Court "misapplie[d] binding precedent, and foreclose[d] appellate review of a live issue, all without affording due process." (ECF No. 41 at 5.) Plaintiff contends that the Court lifted its earlier stay of this action and "necessarily treated the Trustee as a party with standing sufficient to move the case forward," but "disregard[ed] that same evidence" in its subsequent dismissal based on his inability to represent the Trust without legal counsel. *Id.* at 10–11. Plaintiff contends that the Court also failed to acknowledge his transfer of fractional shares of the Trust, *id.* at 11, misrepresented the holding of Ninth Circuit opinions, *id.* at 12, 16, failed to distinguish other district court cases in which courts have stated that sole beneficiaries of trusts may represent the trust pro se, *id.* at 13–14, relied on unrelated cases, *id.* at 14, denied Plaintiff appellate review, *id.* at 17, and misapplied a Local Rule, *id.* at 18–19.

3:24-cv-1535-WQH-BJW

Plaintiff requests that the Court vacate its dismissal of the FAC (ECF No. 39) and either "[r]esolve the threshold representation issue on the merits" or "enter an appealable order preserving [Plaintiff's] rights." (ECF No. 41 at 20.)

Defendants contend, in response, that Plaintiff continues to attempt to represent the Trust without legal counsel in violation of the Court's Order. (ECF No. 42 at 2–6.) Defendants also contend that Plaintiff fails to make a showing that reconsideration is warranted. *Id.* at 7.

### III. LEGAL STANDARD

#### a. Mandatory Joinder

In federal court, every "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Id.* at (a)(3).

Federal Rule of Civil Procedure 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest[.]

Fed. R. Civ. P. 19(a)(1)(B)(i). Federal Rule of Civil Procedure 21 provides that a federal district "court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

#### b. Rule 54(b)

Under Federal Rule of Civil Procedure 54, "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In analyzing a motion brought

3:24-cv-1535-WQH-BJW

under Rule 54(b) seeking reconsideration of a prior order, district courts "look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Staniforth v. United States*, No. 23CV449-JM-MMP, 2024 WL 3463650, at *2 (S.D. Cal. July 18, 2024) (quotations and citations omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

## IV. DISCUSSION

### a. Mandatory Joinder

Judge Mark C. Scarsi of the Central District of California recently considered the question of joinder in a separate action initiated by Plaintiff related to the same Property at issue in this case. *See Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 1090165 (C.D. Cal. Mar. 14, 2025), *reconsideration denied,* No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374824 (C.D. Cal. May 19, 2025), and *reconsideration denied,* No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025).[1] As relevant here, Judge Scarsi considered Plaintiff's request to be joined pursuant to the same "lawful quitclaim transfers" at issue in this action that purportedly made Plaintiff "the real party in interest." *Landau,* 2025 WL 1090165 at *1, *3 (describing Plaintiff's alleged transfer by quitclaim deed on December 20, 2018); ECF No. 13 at 6 (describing the same alleged transfer by quitclaim deed on December 20, 2018 in this action).

Judge Scarsi wrote:

Despite Plaintiffs' conclusory argument, the allegations in their complaint undermine their position. Per the complaint, on December 20, 2018, the

---

[1] The Court takes notice of this judicial opinion "not for the truth of the facts recited therein," but for the existence of Plaintiff's similar pleadings and the opinion itself. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426–27 (3rd Cir. 1999) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

Sundbys transferred their individual interests in their property to their trust, of which they were each a trustee. The foreclosure then took place on August 25, 2021, and the foreclosing parties recorded a deed of sale. After the foreclosure, to the extent any interest remained in the property, Plaintiffs allege that they transferred the interest back to themselves, and then Mr. Sundby transferred one-half of his one-half interest in the property back to the trust. Based on these allegations, the Court presumes that Plaintiffs take the position that each Plaintiff has standing since each of them holds a portion of the interest in the foreclosed property.

The Court disagrees. The allegations are only sufficient to confer standing on all Plaintiffs if the pleading gives rise to a reasonable inference that the post-foreclosure transfers were legitimate. However, the allegations in this case indicate the subsequent transfers were improper. . . . Here, Plaintiffs' complaint states that the trust held all the interest in the property at foreclosure, that the foreclosure was recorded, and that another court authorized the Sundbys' eviction. These allegations, taken together, are only reasonably susceptible to a conclusion that the post-foreclosure conveyances were ineffective because the trust did not have any interest to convey after the foreclosure. In their opposition briefs, Plaintiffs provide no compelling argument or case law to the contrary.

*Landau*, 2025 WL 1090165 at *3–4 (citations omitted); *see also* ECF No. 359, *Sundby v. Marquee Funding Grp.*, No. 19-cv-0390-GPC-AHG, at 16 (S.D. Cal June 29, 2023) (denying Plaintiff's motion for mandatory joinder in another substantially similar action arising from the same facts).

Here, Plaintiff raises the same argument that he raised before Judge Scarsi. In this action, Plaintiff alleges that he and his wife, Edith Sundby, transferred "all interest in [the Property]" to the Trust by quitclaim deed on December 20, 2018. (ECF No. 13 ¶ 9.) However, Plaintiff also alleges that the Property was foreclosed upon on August 6, 2021. *Id.* ¶ 19. Plaintiff alleges that, subsequently, "all Trust interest in the Property was transferred by quitclaim deed back to Dale Sundby and Edith Sundby" on December 15, 2021. *Id.* ¶ 10. Plaintiff alleges that he then "quitclaimed one-half of his undivided one-half interest in the Property to the Trust" on August 26, 2022. *Id.* ¶ 16. Plaintiff now moves

3:24-cv-1535-WQH-BJW

for joinder on the basis that he—in addition to the Trust—is a real party in interest in this action. (ECF No. 40 at 2.)

Plaintiff does not present enough information to conclude that he is a real party in interest in this action. "[S]ubsequent attempts to transfer property previously conveyed are ineffective because the grantor no longer owns the property." *Shetty v. JPMorgan Chase Bank*, No. CV168986MWFJPRX, 2017 WL 4685547, at *4 (C.D. Cal. June 23, 2017), *aff'd sub nom. Shetty v. JPMorgan Chase Bank, N.A.*, 735 F. App'x 398 (9th Cir. 2018) (quoting *Blume v. MacGregor*, 64 Cal. App. 2d 244, 256 (Cal Ct. App. 1944)). A debtor may not quitclaim the deed to a property after that property has been foreclosed upon. *See id.* ("The Property was foreclosed when it was in Borrower's possession. Borrower had no right to quitclaim the deed to Plaintiff, and therefore Plaintiff did not obtain and could not have obtained title to the deed as alleged."). Here, Plaintiff alleges that the relevant interest in the Property was transferred approximately four months after foreclosure. (FAC ¶¶ 10, 19.) This Court, like Judge Scarsi in the Central District of California, concludes that the allegations in the FAC do not support a reasonable inference that "the post-foreclosure transfers were legitimate." *Landau*, 2025 WL 1090165, at *3. Plaintiff has failed to establish that he, instead of the Trust, is the real party in interest in this action. No basis exists to conclude that, within the meaning of Federal Rules of Civil Procedure 17 and 19, Plaintiff must be joined in his individual capacity to avoid impairing or impeding his ability to protect his interests. Accordingly, Plaintiff's Motion for Mandatory Joinder (ECF No. 40) is denied.

### b. Reconsideration

In its Dismissal Order on June 2, 2025, the Court wrote that "a pro se litigant generally may not pursue claims on behalf of others in a representative capacity. . . . The Ninth Circuit has explicitly held that a non-attorney trustee may not represent a trust pro se in federal court." (ECF No. 39 at 7 (citation omitted).) The Court described Plaintiff's attempts to represent the Trust without the aid of counsel, *id.* at 8–11, and wrote that "the Court cannot consider claims asserted on behalf of the Trust unless and until the Trust

obtains legal representation." *Id.* at 11. The Court also cited an order issued by Judge Gonzalo P. Curiel in *Sundby v. Marquee Funding Group*—another substantially similar case in this district concerning the Property and the Trust—that dismissed the action with prejudice for Plaintiff's failure to comply with Judge Curiel's orders directing Plaintiff to obtain legal counsel on behalf of the Trust. No-19-cv-0390-GPC-AHG, No. 21-cv-2013-GPC-AHG, 2023 WL 4686445 (S.D. Cal. July 21, 2023).

On June 30, 2025—following this Court's Dismissal Order—the Ninth Circuit issued a memorandum opinion affirming Judge Curiel's dismissal of Plaintiff's claims. *In re Sundby*, No. 23-55659, No. 24-865, No. 24-1027, 2025 WL 1794429 (9th Cir. June 30, 2025). The Ninth Circuit wrote that "[t]he district court did not abuse its discretion in dismissing Case No. 19-cv-00390 as to Dale Sundby as trustee because Dale Sundby failed to comply with the district court's orders to obtain legal representation for the Trust despite multiple warnings that failure to do so would result in dismissal." *Id.* at *1 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022)).

Here, Plaintiff has similarly refused to obtain legal counsel despite the Court's instructions that he do so. Plaintiff states, in the pending motion:

> To the extent the Court continues to require legal counsel representation, and denies Trustee his due process right to prosecute the case pro se, Trustee states unequivocally that no appearance of counsel for the Trust will be filed within the 30-day period set forth in ECF No. 39, not out of disrespect, abandonment, or delay, but to preserve the right to appellate review of the Court's refusal to decide the threshold issue. Trustee respectfully declines to moot the question by involuntarily complying with an order that remains legally contested and unresolved.

(ECF No. 41 at 19.)

The Court does not find cause to reach a different conclusion than it did in its Dismissal Order in which it wrote that, if counsel for the Trust did not timely file an appearance, the Court would "dismiss this action without prejudice for failure to prosecute and failure to comply with a Court order pursuant to Federal Rule of Civil Procedure

3:24-cv-1535-WQH-BJW

41(b)." (ECF No. 39 at 15.) Plaintiff has failed to comply with the Court's instructions. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 41) is denied. Given Plaintiff's assertion that he refuses to comply with the Court's Order and his desire for appellate review, (ECF No. 41 at 19), the Court will direct that judgment be issued.

## V.    CONCLUSION

IT IS HEREBY ORDERED that the Motion for Mandatory Joinder (ECF No. 40) and Motion for Reconsideration (ECF No. 41) are denied. The above-captioned case shall remain dismissed without prejudice. The Clerk of the Court shall issue judgment stating that this action is dismissed without prejudice for failure to prosecute and failure to comply with a Court order.

Dated:  March 10, 2026

Hon. William Q. Hayes
United States District Court